IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FORD MOTOR CREDIT COMPANY LLC, fka MOTOR CREDIT COMPANY,

    Plaintiff,

v.

DAVID L. GILBERT, ROBERT G. ILER, and BRUCE-GILBERT, INC.,

    Defendants.

Case No. 6:15-cv-01610-JR

ORDER

RUSSO, Magistrate Judge:

Plaintiff Ford Motor Credit Company LLC initiated this action against defendants David Gilbert, Robert Iler, and Bruce-Gilbert, Inc. A default judgment was subsequently entered against all defendants. Plaintiff now moves for an award of attorney fees in the amount of $26,275, costs in the amount of $819.99, and additional expenses in the amount of $604.58. For the reasons set forth below, attorney fees are awarded in the reduced sum of $16,433.80, costs are awarded in full, and expenses are disallowed.

Page 1 – ORDER

## BACKGROUND

On August 25, 2015, plaintiff filed a complaint in this Court asserting claims premised on defendants' alleged material breach of the parties' capital loan agreement. On December 1, 2015, plaintiff moved for default based on defendants' failure to timely answer or otherwise respond to the complaint. The Court granted plaintiff's motion and entered default against defendants on January 25, 2016.

On February 3, 2017, plaintiff moved for a default judgment and attorney fees, costs, and expenses. On April 11, 2017, the Court granted judgment against defendants but denied plaintiff's motion in all other respects. On May 11, 2017, plaintiff filed motions for attorney fees, expenses, and costs.

## STANDARD

Pursuant to the prevailing party's motion, the court may award reasonable attorney fees and costs. Fed. R. Civ. P. 54(d); LR 54. In determining a reasonable attorney fee, the court employs the lodestar method by first multiplying "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996) (as amended). The court then considers whether it is necessary to adjust the presumptively reasonable lodestar figure in light of the twelve factors articulated in Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975). Id.

The court is required to ensure an award's reasonableness, irrespective of any opposition from the non-prevailing party. Gates v. Deukmejian, 987 F.2d 1392, 1400-02 (9th Cir. 1992); see also Corder v. Gates, 947 F.2d 374, 378 n. 3 (9th Cir. 1991) ("the reasonable fee, as calculated by the district court, may fall short of the actual fee that the plaintiff's lawyer charges") (citation and internal quotations omitted). "[C]onsiderable discretion [is vested in the court] in

determining what attorney's fee is reasonable." Webb v. Ada Cnty., Idaho, 195 F.3d 524, 526-27 (9th Cir. 1999).

## DISCUSSION

It is undisputed that plaintiff is the prevailing party and therefore entitled to attorney fees pursuant to the parties' contract. See generally Ayres Aff. (doc. 15); Judgment (doc. 16). Accordingly, the primary issue before the Court is the reasonableness of the requested rates and hours.

### I. Reasonableness of the Requested Rates

Plaintiff employed two Portland, Oregon, attorneys (Jason Ayres and Kimberly McGair), five attorneys admitted *pro hac vice* from Buffalo, New York (Joanna Dickinson, Paul Morrison-Taylor, Craig Leslie, Joanna Chen, and Michael Silverstein), and two paralegals (Laura Kryta and Kathleen Biddle) on this matter. Ayres Decl. ¶¶ 3-5 (doc. 18); Dickinson Decl. ¶¶ 3-4 (doc. 19). Plaintiff seeks the following hourly rates: $275 for Ayres, who has 17 years of experience; $340 for McGair, who has 19 years of experience; $270-$285 for Dickinson, who has 15 years of experience; $380-$390 for Morrison-Taylor, who has 37 years of experience; $345-$360 for Leslie, who has 20 years of experience; $190 for Chen, who has six years of experience; $185 for Silverstein, who has four years of experience; and $165 for Kryta and $130-$135 for Biddle. Id.

A reasonable rate for legal services is "calculated according to the prevailing market rates in the relevant community." McElmurry v. U.S. Bank Nat'l Ass'n, 2008 WL 1925119, *3 (D. Or. Apr. 30, 2008) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). "This District considers the most recent Oregon State Bar Economic Survey" – i.e. the 2012 Oregon State Economic Survey ("2012 OSB Survey") – as its 'initial benchmark' in determining whether hourly billing

rates are reasonable." Prison Legal News v. Umatilla Cnty., 2013 WL 2156471, *4 (D. Or. May 16, 2013) (citations omitted). "If the rate requested exceeds the average rate reported in the OSB Survey, the burden is on the prevailing party to justify that higher rate." Id. (citation omitted).

Initially, plaintiff implies that the "relevant communities" for the purposes of determining a reasonable hourly rate are Buffalo, New York, and Portland, Oregon, because that is where counsel is located. See, e.g., Ayres Decl. ¶ 5 (doc. 18); Dickinson Decl. ¶ 5 (doc. 19). The Court disagrees and finds that the "Lower Valley" – which the 2012 OSB Survey defines as "Benton, Lane, and Linn Counties" – should serve as the relevant community. 2012 OSB Survey 5. Notably, plaintiff filed this case in the Eugene Division, which encompasses, amongst others, Benton, Lane, and Linn counties. See Prison Legal News, 2013 WL 2156471 at *5 ("[t]he general rule is that the relevant community for purposes of the prevailing rate is the forum in which the district court sits") (citation and internal quotations omitted). Further, plaintiff does not provide any argument or evidence evincing that local counsel was unavailable or inadequate. See generally Pl.'s Mot. Att'y Fees (doc. 17); Ayres Decl. (doc. 18); Dickinson Decl. (doc. 19); see also Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008) (rates outside the forum may be used "if local counsel was unavailable [or] lack[ed] the degree of experience, expertise, or specialization required to handle the case") (citation and internal quotations omitted).

As such, the Court turns to the issue of whether plaintiff's requested hourly rates are reasonable. The relevant Lower Valley hourly rates are as follows:

| Years of Experience | Average | Median | 75th Percent |
| --- | --- | --- | --- |
| Over 30 Years | $274 | $250 | $278 |
| 16-20 Years | $209 | $210 | $228 |
| 13-15 Years | $239 | $195 | $278 |
| 4-6 Years | $176 | $183 | $196 |
| 0-3 Years | $128 | $150 | $169 |

Page 4 – ORDER

2012 OSB Survey 29-30; Ayres Decl. Ex. 2, at 1-2 (doc. 18-2).

The rates sought by plaintiff's counsel are significantly higher than average for attorneys with commensurate experience. In fact, in most instances, plaintiff's rates exceed the 75th percentile. In order to justify these higher rates, plaintiff submitted declarations from Ayres and Dickinson, expounding upon their and co-counsel's expertise in the area of commercial litigation, and opining that their hourly rates are comparable to those of similarly specialized attorneys with equivalent experience. See generally Ayres Decl. (doc. 18); Dickinson Decl. (doc. 19); Dickinson Decl. Exs. 3-6 (docs. 19-3, 19-4, 19-5, 19-6).

Despite this evidence, the Court finds that plaintiff failed to adequately justify counsel's increased rates. The Court recognizes that some of plaintiff's attorneys have significant commercial and/or litigation experience. Regardless, approximately three months lapsed between the initiation of this lawsuit and plaintiff's motion for entry of default. Thereafter, the only other filing was to reduce defendants' default to judgment. Thus, at the time this case was resolved, the posture of the litigation was relatively straightforward. Because a judgment was obtained before plaintiff was required to litigate the substantive merits of the underlying lawsuit, the specialization and experience of plaintiff's counsel was not a significant factor.

As a result, the Court finds that higher-than-average rates are not justified or reasonable in the case at bar. See Prison Legal News, 2013 WL 2156471 at *5-6 (awarding the "higher of the average or median" where the "case was resolved in its early stages, before any litigation on the merits or significant discovery"); see also Knowledge Learning Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 2011 WL 2133824, *5 (D. Or. Apr. 18), adopted by 2011 WL 2115631 (D. Or. May 27, 2011) (awarding the median rate to specialized litigators where the case was insufficiently complex to "justi[fy] the highest end of hourly rates"); Moreno v. City of

Sacramento, 534 F.3d 1106, 1115-16 (9th Cir. 2008) (court may "use the simplicity of a given task . . . as justification for a reduction in the overall rate"). Counsel is awarded the median rate for their respective levels of experience for the purposes of calculating the lodestar amount.

Therefore, plaintiff's attorneys are entitled to the following hourly compensation: $210 for Ayres, McGair, and Leslie; $195 for Dickinson; $250 for Morrison-Taylor; and $183 for Chen and Silverstein. The Court also finds $150 per hour to be a reasonable rate for paralegal Kryta. See Prison Legal News, 2013 WL 2156471 at *7 (paralegal rates are "reasonable where they do not exceed the average rate for a first-year associate") (citations omitted). Because Biddle charges less than the average first-year associate, she is awarded her requested rate of $130-$135 per hour.

## II.    Reasonableness of the Hours Expended

Plaintiff seeks compensation for the following hours: 25.9 for Dickinson, 24.2 for Leslie, 18.1 for Kryta, 12.2 for Biddle, 7.9 for Chen, 7.2 for Ayres, 5.25 for McGair, 1.8 for Morrison-Taylor, and 0.1 for Silverstein. Ayres Decl. Ex. 1, at 3 (doc. 18-1); Dickinson Decl. Ex. 1, at 1-6 (doc. 19-1). Although the hours requested are, for the most part, reasonable, some reductions are warranted. See Prison Legal News, 2013 WL 2156471 at *7 (even where "the expended time is reasonable, the court may still reduce the fee award for defects in the plaintiff's motion for fees").

Specifically, the Court finds that the hours consumed drafting affidavits in support of plaintiff's motion for default judgment were excessive. Chen spent 7.9 hours drafting attorney affidavits. Dickinson Decl. Ex. 1, at 1-6 (doc. 19-1). Dickinson (presumably Chen's supervisor) then spent an additional 10.6 hours working on attorney and client affidavits, and another 3.3 hours strategizing and conferencing about these affidavits and the underlying motion. Id. at 2-3. Ayres also spent 6.8 hours reviewing, revising, and conferencing regarding the motion/affidavits

Page 6 – ORDER

for default judgment. Ayres Dec. Ex. 1, at 2-3 (doc. 18-1). Thereafter, Morrison-Taylor spent 1.2 hours revising the attorney and client affidavits. Id. at 6.

In total, plaintiff's counsel spent approximately 30 hours on their motion for default judgment and supporting affidavits. Given that the motion itself was one paragraph long, the Court presumes the vast majority of the hours accrued were, in fact, related to the two supporting affidavits. The work of four attorneys could have been more efficiently consolidated, such that the 7.9 hours Chen, the most junior attorney, spent working on the affidavits are excluded. See Prison Legal News, 2013 WL 2156471 at *8 ("[a] party is free to hire and pay as many attorneys as it wishes; nonetheless, that party cannot expect to shift the cost of these inefficiencies to its opponent") (citations omitted); see also Malbco Holdings, LLC v. AMCO Ins. Co., 2010 WL 2572849, *12 (D. Or. June 22, 2010) (court generally excludes the more junior attorney's time).

Additionally, the Court excludes McGair's time in its entirety. Plaintiff concedes that the only work McGair performed on the case pertained to the post-judgment attorney fee petition. Ayres Decl. ¶ 4 (doc. 18); Ayres Decl. Ex. 1, at 3 (doc. 18-1). The Court acknowledges that, in general, it takes time to assemble a fee petition. Nevertheless, the hours expended in preparing the present motion are improvident for two reasons. First, the present motion is four pages long, with approximately four paragraphs of non-boilerplate language. Pl.'s Mot. Att'y Fees 3-5 (doc. 17). Second, McGair's hours arose only because plaintiff's first attempt to obtain attorney fees was rejected due to defects in counsel's billing statements. Judgment 5-7 (doc. 16); see also Dickinson Aff. ¶¶ 9, 14-17 (doc. 14) (originally requesting thousands of dollars less in attorney fees). Given these circumstances, the Court concludes that compensation for McGair's hours – which are essentially "fees on fees on fees" – are not reasonable in the case at bar.

Finally, the Court notes that plaintiff's out-of-state attorneys failed to delineate any dates within their billing statements, making it impossible to determine whether and to what extent counsel may have duplicated their efforts. Dickinson Decl. Ex. 1, at 1-6 (doc. 19-1). Moreover, some of out-of-state counsel's billing entries – especially those of Leslie – include general descriptions without any mention of the subject matter involved. See, e.g., id. at 4-5; see also Prison Legal News, 2013 WL 2156471 at *8 ("[a] court may disallow hours dedicated to inadequately specified tasks because failing to provide such information makes it nearly impossible to ascertain the reasonableness of the time requested") (citation omitted). The Court declines to further reduce the fee award but nonetheless encourages out-of-state counsel to inform itself of this jurisdiction's billing practices.

Considering the above-listed deductions, the Court awards 25.9 hours of Dickinson's time at $195 per hour ($5,050.50 total), 24.2 hours of Leslie's time at $210 per hour ($5,082 total), 18.1 hours of Kryta's time at $150 per hour ($2,715 total), 8.2 hours of Biddle's time at $130 per hour and 4 hours of Biddle's time at $135 per hour ($1606 total), 7.2 hours of Ayres' time at $210 per hour ($1,512 total), 1.8 hours of Morrison-Taylor's time at $250 per hour ($450), and 0.1 hours of Silverstein's time at $183 per hour ($18.30 total). Based on these calculations, the Court finds a total attorney fee award of $16,433.80 is presumptively reasonable. The Court has also considered the factors outlined in Kerr and finds that no additional adjustment is necessary.

### III. Costs

Plaintiff seeks to recover $819.99 in costs for filing, service, and docket fees. Bill of Costs 1 (doc. 20); Ayres Decl. Ex. 1 (doc. 18-1). Costs are generally awarded to the prevailing party in a civil action as a matter of course. Fed. R. Civ. P. 54(d). The expenses which may be

taxed as costs are enumerated in 28 U.S.C. § 1920 and include "[f]ees of the clerk and marshal," and "[d]ocket fees." 28 U.S.C. § 1920(1), (5); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). Accordingly, because they fall within the purview of 28 U.S.C. § 1920 and are properly documented within plaintiff's billing statement, the requested costs are awarded in full.

## IV. Expenses

In addition to the aforementioned costs, plaintiff requests $604.58 in expenses; this amount encompasses postage, photocopies, and research and phone fees. Dickinson Decl. Ex. 2 (doc. 19-2); Ayres Decl. Ex. 1 (doc. 18-1).

As a preliminary matter, plaintiff's brief is silent regarding these expenses. See generally Pl.'s Mot. Att'y Fees (doc. 17). The affidavits produced in association with plaintiff's motion fail to properly document their purpose and need in accordance with Local Rule 54. Indeed, outside of simply listing the total value and categories of costs, plaintiff does not denote the dates these charges arose or their nature. Dickinson Decl. ¶ 2 (doc. 19); Dickinson Decl. Ex. 2 (doc. 19-2); Ayres Decl. ¶¶ 2, 6 (doc. 18); Ayres Decl. Ex. 1 (doc. 18-1).

As a result, the Court cannot assess the reasonableness of these expenses. See U.S. ex rel. Berglund v. Boeing Co., 2012 WL 697140, *4 (D. Or. Feb. 29, 2012) (denying expenses where the prevailing party "offered only a conclusory assertion" of entitlement and "[t]he exhibits attached to verify [the prevailing party's] costs reflect only the date and amount of the charges . . . but do not describe the purpose"). Furthermore, the majority of the requested expenses are not taxable pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. See Chevron U.S.A., Inc. v. Pelican Butte Oil, LLC, 2011 WL 1398932, * (D. Or. Jan. 31), adopted by 2011 WL 1395313 (D. Or. Apr. 12, 2011) (overhead expenses that are "not statutorily authorized under 28 U.S.C. §

1920" are generally not recoverable) (collecting cases). As such, the Court disallows plaintiff's expenses.

## CONCLUSION

Plaintiff's Motion for Award of Attorney Fees and Costs (doc. 17) is GRANTED in part and DENIED in part, in that plaintiff is awarded a total of $16,433.80 in attorney fees. Plaintiff's Bill of Costs (doc. 20) is GRANTED, such that costs are awarded in the amount of $819.99.

IT IS SO ORDERED.

DATED this 26th day of May 2017.

                                                                                  s/Jolie A. Russo
                                                                                  JOLIE A. RUSSO
                                                                                  United States Magistrate Judge